IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Respondent,                        No. 2: 07-cr-0165 LKK KJN P

     vs.

CRISTOBAL L. NAVARRO,

     Movant.                          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

     Movant is a federal prisoner proceeding without counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2000 conviction for conspiring to possess with intent to distribute and distribute cocaine in violation of Title 21 U.S.C. § 846 and 841(a)(1).

     Pending before the court is respondent's motion to dismiss filed June 29, 2011. On July 11, 2011, movant filed an opposition. After carefully considering the record, the undersigned recommends that respondent's motion be granted.

     Movant contends that counsel was ineffective for failing to correct erroneous information in the presentence report about his prior conviction. Movant contends that as a result of counsel's ineffectiveness, the prior conviction was improperly used by the court to find him ineligible for "safety valve" relief.

Respondent moves to dismiss this action on grounds that movant waived his right to file a motion pursuant to 28 U.S.C. § 2255. On January 26, 2010, movant plead guilty. Movant's written plea agreement contains an express waiver of his right to collaterally attack his guilty plea and sentence.[1] When movant entered his guilty plea, he acknowledged that he was waiving his right to file a motion pursuant to 28 U.S.C. § 2255.[2] On May 25, 2010, movant was sentenced to 156 months in prison.

A defendant may waive the statutory right to bring a § 2255 action. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). A waiver of the right to file a § 2255 motion made pursuant to a negotiated plea agreement is enforceable except with respect to a claim that the plea was involuntary or entered into unintelligently. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342

---

[1] The plea agreement states, "He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence." (Dkt. No. 281-1 at 6 of 11.)

[2] At the change of plea hearing, the court asked movant, "Now in addition you are giving up the right of appeal and collateral attack. What that means is that no court, higher, lower, at the same level, no court will have the authority to examine these proceedings to determine whether they are legally proper or whether there is a factual basis for the plea. Do you understand?" (Dkt. 281-2 at 7 of 15.) Movant answered, "Yes." (Id.)

(11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

Movant's ineffective assistance of counsel claim does not implicate the voluntariness of his plea agreement. Rather, movant's claim concerns events occurring after he entered his guilty plea. In particular, movant claims that counsel failed to correct alleged errors in the presentence report, which was prepared after movant plead guilty. Accordingly, the undersigned finds that the instant action is barred because movant waived his right to file a motion pursuant to 28 U.S.C. § 2255. Respondent's motion to dismiss should be granted.

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 281) be granted;

2. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 271) be dismissed; and

3 The clerk of the court be directed to close the companion civil case 2: 11-cv-1450 LKK KJN.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

////

////

////

1 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2 DATED:  August 11, 2011

```
_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE
```

nav165.257